IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHONTENA K. ELLIOTT, Individually and as
Personal Representative on Behalf of the
Wrongful Death Beneficiaries of
JONATHAN SCOTT KEEN                                              PLAINTIFF

V.                                       CIVIL ACTION NO. 3:16-cv-088-MPM-JMV

MANAGEMENT & TRAINING CORPORATION,
HEALTH ASSURANCE, LLC and
JOHN AND JANE DOES 1-100                                        DEFENDANTS

## AMENDED COMPLAINT

*Jury Trial Demanded*

1. This Amended Complaint is brought by Shontena K. Elliott (hereinafter, "Plaintiff"), Individually and as Personal Representative on behalf of the wrongful death beneficiaries of Jonathan Scott Keen (hereinafter, "Decedent"), by and through undersigned counsel, against Mangement & Training Corporation, Health Assurance, LLC (hereinafter, "Defendants") and John and Jane Does 1-100.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343, as well as 42 U.S.C. § 1983. Subject matter jurisdiction is also appropriate in federal court since a federal question is raised pursuant to the 8th and 14th Amendments to the United States Constitution, and as Plaintiff and Defendant are citizens of different states and the claim in question is in excess of $75,000.00. The Court also has pendent jurisdiction over the Plaintiff's State causes of action.

3. Venue is appropriate in this Court under § 1391(b) and § 1392, as all acts and/or omissions occurred in Marshall County, Mississippi, which is located within the Northern District of the United States District Court, Oxford Division.

## PARTIES

4. Plaintiff, Shontena K. Elliott, is an adult resident citizen of the First Judicial District of Hinds County, Mississippi. Her current residence is 7302 Gary Road, Byram, Hinds County, Mississippi 39272. Plaintiff, the natural father of the Decedent, brings this action individually and on behalf of the surviving heirs/wrongful death beneficiaries of Decedent: Plaintiff, as his natural mother; Clarence Scott Keen, his natural father, whose current residence is 14 Live Oak Road, Ringgold, Catoosa County, Georgia 30736; Christopher J. Keen, his natural half-brother, whose current residence address is 108 Hanover Cove, Clinton, Hinds County, Mississippi 39056; and Katelyn A. Keen, his natural half-sister, whose current residence address is 307 Shadow Wood Drive, Clinton, Hinds County, Mississippi 39056.

5. Decedent was, at all times material to this Complaint, an adult incarcerated at the Marshall County Correctional Facility (hereinafter, "MCCF"), located in Holly Springs, Mississippi. Substantial acts, omissions, and events that caused the Decedent's death took place in Marshall County, Mississippi. At the time of the incident which gives rise to this Complaint, Decedent was a thirty-two (32) year old citizen of the State of Mississippi, and a prisoner incarcerated at MCCF. Plaintiff, as Personal Representative, brings this action pursuant to Mississippi Code Ann. § 11-7-13 (1972), the Wrongful Death Statute.

6. Defendant, Management & Training Corporation (hereinafter, "MTC"), a national for-profit prison operator incorporated and existing in the State of Utah, is under contract with the Mississippi Department of Corrections, ("MDOC") for the management and oversight of the prison's daily operations, under which it has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards. MTC's 5,545 employee Corrections division operates 24 correctional facilities throughout the United States, having seventeen (17) contracts with state correctional departments and seven (7) with federal

correctional agencies. MTC's principal place of business is located at 500 North Marketplace Drive, Centerville, Utah 84014, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Rankin County, Mississippi 39232.

7. Defendant, Health Assurance, LLC (hereinafter, "HALLC"), is a for-profit company providing comprehensive managed care programs encompassing a variety of primary medical, dental, psychiatric and psychosocial services to the corrections community. HALLC is under contract with MDOC for the management of the healthcare services at MCCF. HALLC's principal place of business is located at 5903 Ridgewood Road, Suite 320, Jackson, Mississippi 39211, and is subject to the in personam jurisdiction of the Court by service of process upon its appointed registered agent, E. Charlene Stimley Priester, located at 5375 Executive Place, Jackson, Mississippi 39206.

8. Plaintiff is ignorant as to the identities of Defendant John and Jane Does 1-100 who are unknown officers, employees, agents, and/or servants of MTC and/or HALLC. Plaintiff will amend this Complaint to allege their true names and allege that each of the fictitiously named Doe Defendants are responsible in some manner for the occurrences herein alleged, and that Decedent' damages, as alleged herein, were proximately caused by their conduct. Plaintiff, upon information and belief, asserts that the Doe Defendants were the officers, agents, servants, and employees of the Defendants herein, and were at all times acting under color of law with the permission and consent of Defendant within the course and scope of their employment.

## FACTS

9. On or about June 16, 2015, Jonathan Scott Keen committed suicide while incarcerated at MCCF. He was found at approximately 6:53 p.m. June 16, 2015, having hung

himself with his own jumpsuit while in his cell. Attempts to resuscitate him by staff and EMS were unsuccessful.

10. Earlier that day, Mr. Keen had been taken to the facility's infirmary with self-inflicted cuts to his neck and body. In addition, just the day prior, Mr. Keen had cut himself on his neck; his medical records reflect statements made to staff by Mr. Keen on both occasions that he would continue to cut himself until he was moved to a different zone. In fact, as early as March, 2015, his records indicate that he suffered from suicidal ideations, documenting repetitive incidents of self-inflicted harm committed in what he claimed was an attempt to be moved to protective custody, as he believed another inmate (or inmates) was actively scheming to kill him. His records also clearly indicate his abuse of methamphetamines and other illegal drugs, which undoubtedly contributed to his mental instability.

11. Records indicate that during each occasion upon which Mr. Keen was taken to the infirmary for such self-inflicted injuries, as well as the limited number of mental health sessions provided him, Mr. Keen insistently requested that he be moved to another location, i.e. "protective custody", due to what he perceived to be repetitive threats of physical harm to him made by other inmates. Despite his persistent attempts to gain their attention and obtain safe harbor over the course of the three (3) months immediately prior to his death, aside from patching him up and conducting routine counseling sessions, no further action was undertaken by the Defendants to ensure his safety- whether the threat of harm to him was, in fact, from other inmates, or merely himself.

## 1983 CAUSES OF ACTION:

### UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT

12. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 11 hereinabove.

4

13. The Defendants, individually and collectively, acted with deliberate indifference in the allegations listed herein. Defendants MTC and HALLC had the responsibility and duty to supervise, oversee and control the training and job performance of staff, as well as the daily operations of MCCF. Defendants had the duty to ensure that MCCF was maintained in a safe and sanitary condition, suitable for human occupation and compliant with constitutional requirements. Defendants had the duty to ensure that the officials acted in compliance with the laws and Constitutions of the State of Mississippi and of the United States, and did not deprive inmates of their rights guaranteed under the United States Constitution and laws. This included the duty to ensure that the conditions of inmate confinement did not deprive inmates of their right to reasonable, adequate and timely medical care, and did not otherwise impose what may constitute as cruel and unusual punishment.

14. Said conditions of confinement also included many policies, practices and customs that deprived most, if not all, inmates, including Decedent, of their right to reasonable, adequate and timely medical care. Some of the policies, customs and practices which constituted said elements included, but were not limited to:

A) Regularly denying, delaying or interfering with inmate requests for medical care;

B) Ignoring, delaying or failing to promptly comply with the treatment orders of the doctors; and

C) Not promptly providing reasonable medical care and treatment.

15. The policies, practices and customs set forth in the preceding paragraph, as well as others which may come to light in the course of this litigation, resulted in numerous, repeated and pervasive deprivations of the Decedent's right to reasonable, adequate and timely medical care, under both the Eighth and Fourteenth Amendments, at MCCF.

5

16. From Defendants MTC and HALLC, jointly and severally, Plaintiff seeks recovery of all compensatory damages to which the Estate of Jonathan Scott Keen is entitled as a result of the conditions of Decedent's confinement, and the damages he suffered therfrom. Plaintiff further seeks recovery of punitive damages from Defendant HALLC for its conduct in callous and reckless disregard for the rights, welfare and medical needs of Decedent.

### EPISODIC ACTS OR OMMISISON

17. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 16 hereinabove.

18. The Due Process Clause of the Eighth Amendment requires the Defendants to provide convicted inmates with basic human needs, including medical care and protection from harm, during their confinement. The Defendants and their employees had subjective knowledge of the substantial and serious threat that the Decedent might commit suicide, yet the Defendants nevertheless disregarded the risk of suicide by responding to it with deliberate indifference. The Defendants and their employees clearly breached this duty and as a result, Jonathan Scott Keen took his own life.

19. Defendants' failure to properly oversee and manage the Decedent's obvious mental instability, i.e. condition directly caused his death. In doing so, Defendants' violated clearly established constitutional rights, including but not limited to:

a) Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

b) Decedent's right not to be deprived of liberty without due process of law;

c) Decedent's right to be safe and protected from injury while in Defendants' custody; and

d) Decedent's right to necessary medical treatment for his very serious medical/mental condition.

20. By their failure to provide the Decedent with the medically necessary care and/or medications required to properly manage his mental condition, Defendants' actions deprived him of the rights secured for him by the United States Constitution under the Eighth and Fourteenth Amendments and federal law.

21. As a direct and foreseeable result of Defendants' actions, Plaintiff has suffered damage including, but not limited to, emotional distress, mental anguish, as well as pain and suffering.

## NEGLIGENCE/GROSS NEGLIGENCE

22. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 21 hereinabove.

23. At all times relevant herein, Defendants and their employees had a duty to exercise ordinary care for the inmates at MCCF, including the Decedent. Defendants and their employees breached that duty, by failing to use the ordinary care that a reasonable person would use to avoid and prevent injury to others, i.e. in the case *sub judice,* to provide the appropriate, reasonable and necessary medical care to accomplish same- the failure of which led directly to the incontrovertible permanent damage sustained by the Plaintiff. This breach was so egregious as to amount to gross negligence.

24. The death of Jonathan Scott Keen was the reasonably foreseeable outcome of Defendants and their employees' acts and omissions. These acts and/or omissions were substantial factors in causing his death, and the accompanying damages suffered by the Plaintiff.

## MEDICAL MALPRACTICE

25. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 24 hereinabove.

7

26. Defendant HALLC, by and through the Doe Defendants, was negligent and/or grossly negligent in failing to properly care for, diagnose and treat Decedent.

27. The John and Jane Doe employees of HALLC were acting within the course and scope of their employment with HALLC. HALLC is liable for the acts and omissions of these Doe Defendants pursuant to the Mississippi Medical Malpractice Statute.

28. HALLC, by and through the Doe Defendants, breached their duties to Decedent by failing to properly diagnose and treat him, despite his ever-worsening medical and mental symptoms. HALLC failed to exercise the degree of care, skill and learning expected of reasonably prudent health care providers in the State of Mississippi acting in the same or similar circumstances. These Defendants committed medical malpractice under the law by failing to diagnose and treat Decedent. This medical malpractice directly and proximately resulted in the harms and damages alleged herein.

## NEGLIGENT HIRING AND SUPERVISION

29. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 28 hereinabove.

30. Plaintiff alleges Defendants MTC and HALLC negligently hired, supervised, and retained their employees and agents, inter alia, by 1) failing to properly care for and ensure the Decedent's health, safety and well-being while incarcerated at MCCF; b) properly train, supervise, discipline, retain, hire and/or discharge its employees, agents, and/or representatives; and c) were otherwise negligent in their care and treatment of the Decedent, and as a direct and proximate result, the Plaintiff sustained the harms alleged herein.

## RESPONDEAT SUPERIOR

31. Plaintiff incorporates all allegations set forth in Paragraphs 1 through 30 hereinabove.

8

32. Defendants and Doe Defendants 1-100 acted with negligence, gross negligence, and/or intentionally by allowing or failing to prevent Decedent's death. At all times relevant, each Defendant owed a duty to the Decedent to ensure his health, safety and well-being, and the Defendants breached this duty. The actions and inactions of Defendants and/or Doe Defendants 1-100 led directly to the death of Jonathan Scott Keen. MTC and HALLC, as Doe Defendants 1-100's employers, are liable for their actions which were undertaken during the course and scope of their employment.

33. HALLC is also responsible for the actions and inactions alleged herein against them and Doe Defendants 1-100, which caused the damages suffered by the Plaintiff. Further, such actions and/or inactions by the Doe Defendants were committed within the course and scope of their employment with HALLC.

## PUNITIVE DAMAGES

34. The Plaintiff incorporates all allegations set forth in Paragraphs 1 through 33 hereinabove.

35. MTC, HALLC and Doe Defendants 1-100, in their individual capacities, acted in complete disregard for the safety of the Decedent by acting in a negligent and/or grossly negligent manner as previously described herein. The actions of these Defendants warrant punitive damages.

36. The Defendants' actions in their individual capacities exhibited gross negligence and direct disregard of the safety of the Decedent. Punitive damages should be awarded against the Defendants. Defendants' tortious actions caused the wrongful death of the Decedent, and therefore, Plaintiff's emotional distress and mental anguish.

## PRAYER FOR RELIEF

The Plaintiff requests a jury trial and seeks the following relief:

A. Compensatory damages of, from and against the Defendants, each and severally, in amount to be determined by this Court;

B. Punitive damages of, from and against the Defendants, in an amount to be determined by this Court;

C. Reasonable attorney's fees and all costs of this court;

D. Pre and post judgment interest; and

E. Such other general and special relief as appears reasonable and just in this cause.

RESPECTFULLY SUBMITTED, THIS the 13th day of May, 2016.

                                                SHONTENA K. ELLIOTT, PLAINTIFF


                                        BY: */s/ Charles R. Mullins*_____
                                                    CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Charles R. Mullins, attorney of record for the Plaintiff in the above-styled and referenced matter, do hereby certify that I have this date electronically filed the foregoing *Amended Complaint* with the Clerk of Court utilizing the ECF System, which sent notice of same to the following:

>R. JARRAD GARNER
>BENJAMIN B. MORGAN
>ADAMS & REESE, LLP
>1018 Highland Colony Parkway, Suite 800
>Ridgeland, Mississippi 39157
>Jarrad.garner@arlaw.com
>Ben.morgan@arlaw.com

THIS, the 13th day of May, 2016.

>*/s/ Charles R. Mullins*_____
>CHARLES R. MULLINS